1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEANTHONY T. WINSTON,                    Case No.  1:24-cv-00837-HBK (HC)

12                  Petitioner,               ORDER DIRECTING CLERK OF COURT TO
                                              ASSIGN CASE TO DISTRICT JUDGE
13          v.
                                              FINDINGS AND RECOMMENDATIONS TO
14   B.M. TRATE,                              DISMISS PETITION FOR FAILURE TO
                                              STATE A CLAIM[1]
15                  Respondents.
                                              (Doc. No. 1)
16
                                              FINDINGS AND RECOMMENDATIONS TO
17                                            DENY MOTIONS FOR TEMPORARY
                                              RESTRAINING ORDER AND
18                                            PRELIMINARY INJUNCTION

19                                            (Doc. Nos. 3, 7)

20                                            FOURTEEN-DAY OBJECTION PERIOD

21

22

23          Petitioner LeAnthony T. Winston, a federal prisoner, is proceeding pro se on his petition

24   for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 and docketed on July 19, 2024.

25   (Doc. No. 1, "Petition").  Petitioner simultaneously filed a motion for temporary restraining order.

26   (Doc. No. 3, "TRO Motion").  Respondent filed an opposition to the motion for temporary

27   _____

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2022).

1 | restraining order on August 9, 2024, and on August 21, 2024, Petitioner filed an additional
2 | motion for a temporary restraining order and preliminary injunction.  (Doc. Nos. 6, 7).
3 | Respondent submitted portions of the federal record in support of its opposition to the TRO
4 | Motion.  (Doc. No. 6-1).  For the reasons set forth more fully below, the undersigned
5 | recommends the Petition be dismissed for failure to state a cognizable habeas claim and
6 | Petitioner's motions for temporary restraining orders and preliminary injunctions be denied.

## I. APPLICABLE LAW AND ANALYSIS

### A.  Failure to State a Cognizable Habeas Claim

This matter is before the Court for preliminary review under Rule 4 of the Rules
Governing Section 2254 Cases.  Under Rule 4, if it "plainly appears from the petition and any
attached exhibits that the petition is not entitled to relief in the district court" the court may
dismiss the petition before requiring the respondent to respond.  Rule 4, Rules Governing Section
2254 Case (2019). [2]  A "Rule 4 dismissal is required on procedural grounds, such as failure to
exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,'
'palpably incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, No. 22-35877, 2024
WL 3838427 (9th Cir. Aug. 16, 2024) (citing *Blackledge v. Allison*, 431 U.S. 63, 75–76, 97 S.Ct.
1621, 52 L.Ed.2d 136 (1977) (quotation marks and citations omitted); *Hendricks v. Vasquez*, 908
F.2d 490, 491 (9th Cir. 1990)).

Habeas relief is available if the prisoner's claim in the petition attacks the legality or
duration of the petitioner's confinement.  *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Preiser v.
Rodriguez*, 411 U.S. 475, 484-86 (1973).  In contrast, habeas relief is not cognizable if a
favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier
release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016).[3]  Thus, claims

---

[2] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than
those brought under § 2254 at the Court's discretion.  *See* Id., R. 1(b).  Civil Rule 81(a)(2) provides that
the rules are "applicable to proceedings for . . . habeas corpus . . . to the extent that the practice in such
proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice of
civil actions."  Fed. R. Civ. P 81(a)(2).

[3] In *Nettles*, the Ninth Circuit, in analyzing Supreme Court precedent distinguishing relief available via §
1983 or habeas corpus, concluded if a state prisoner's claim does not lie at "the core of habeas corpus,"
meaning where success on a claim would not necessarily lead to an immediate or speedier release, then the

1  that challenge the conditions of confinement are properly pursued through a § 1983 civil rights

2  action , or its equivalent federal counterpart.  *See Ramirez v. Galaza*, 334 F. 3d 850, 859 (9th Cir.

3  2003) ("habeas jurisdiction is absent, and a Section 1983 action is proper, where a successful

4  challenge to a prison condition will not necessarily shorten the prisoner's sentence."); *Crawford v.*

5  *Bell,* 599 F.2d 890, 891 (9th Cir. 1979) (affirming dismissal of federal prisoner's habeas petition

6  that conditions of confinement that constitute cruel, violate due process, or abridge

7  constitutionally protected privacy, are not redressable by a habeas petition because even if proven

8  it would result in release from confinement).

9          Petitioner is confined at USP Atwater, California.  On March 7, 2022, Petitioner was

10  sentenced in the Eastern District of Virginia (EDVA) to an aggregate 460 month sentence after a

11  jury found Petitioner guilty of 18 U.S.C. § 1594(c) (Conspiracy to Engage in Sex Trafficking by

12  Force, Fraud and Coercion); 18 U.S.C. § 1591(a)(1) (Sex Trafficking by Force, Fraud and

13  Coercion and obstruction); 21 U.S.C. § 841(a)(1) (possession with intent to distribute); and 18

14  U.S.C. § 1952(a)(3)(A) (unlawful use of interstate commerce facilities to promote prostitution). T

15  *See* EDVA 20- CR-0108, Crim Doc. 1, 27, 49, 110; Doc. No. 6-1 at 17-49.[4]  Petitioner's

16  convictions and sentence were affirmed on appeal by the Fourth Circuit Court of Appeals.  *United*

17  *States v. Winston*, 2023 WL 6638073, (4th Cir 2023).

18          Petition asserts two grounds for relief: (1) cruel and unusual punishment, and (2)

19  deprivation of due process.  (Doc. No. 1 at 1-2).  Both claims are premised on Plaintiff's

20  allegation that he was restricted from using his phone and/or message service and denied access

21  to mail and his legal papers, which in turn interfered with his post-conviction process, including

22  his claim of actual innocence.  (*Id*. at 1-2, 5-7).  Because the success of neither claim would not

23  lead to Petitioner's immediate or earlier release from confinement, the undersigned finds the

24  Petition fails to state a cognizable habeas claim.  Rather, as a federal prisoner, Petitioner should

26  claim "may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983." *Id.* at 931
27  (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); 93 S. Ct. 1827 (1973)); *Skinner v. Switzer*, 562
    U.S. 523, 535 (2011).
28  [4] Review of the underlying court record at the Rule 4 stage is appropriate.  *Neiss v. Bludworth*, 2024 WL
    3838427 *7.

pursue his claims via a civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392-97 (1971).  Thus, the undersigned recommends that the Petition be dismissed for lack of federal habeas jurisdiction.

Next, the undersigned considers whether to convert the Petition into a civil rights complaint.  "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint."  *Nettles*, 830 F.3d at 936 (remanding case to district court to consider claim under § 1983).  When filing a *Bivens* claim[5] or § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."  *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

The undersigned finds the Petition is not properly convertible to a *Bivens* civil rights complaint for several reasons.  First, the Court takes judicial notice of its files and notes Petitioner has filed multiple civil rights actions before this Court, including several currently pending before the undersigned, that appear to assert the same claims.  *See Winston v. United States of America*, No. 1:23-cv-01086-JLT-SAB (dismissed for failure to state a claim); *Winston v. Homes et al*, No. 1:24-cv-00824-JLT-HBK; *Winston v. United States of America*, 1:24-cv-00934-HBK.  Second, Petitioner names only B.M. Trate, the warden at United States Penitentiary (USP) Atwater, as Respondent.  A *Bivens* action may only be brought against an individual defendant in his individual capacity, not in his official capacity.  Petitioner does not identify as respondents any persons who allegedly committed the affirmative acts or omissions that allegedly violated his

---

[5] The Supreme Court generally recognizes that "a Bivens action is the federal analog to suits brought against state officials under  .  .  . 42 U.S.C. § 1983."  *Hartman v. Moore*, 547 U.S. 250, 254 n. 2 (2002).

rights.  Third, automatic conversion would run counter to the Prison Litigation Reform Act.  The filing fee for a habeas petition is $5 in contrast to the $405 filing fee assessed to prisoners if granted *in forma pauperis* status in a civil action.  Further, under the Prisoner Litigation Reform Act, a prisoner is required to pay the full filing fee, even if he is granted *in forma pauperis* status, by way of deductions from the prisoner's trust account.  *See* 28 U.S.C. § 1915(b)(1).  If the Court did convert this action to a § 1983 action, Petitioner would face the larger filing and administrative fees—which he might prefer not to do.

### B.  Temporary Restraining Order

In his motion seeking injunctive relief, in addition to claiming he is entitled to money damages and vacatur of his conviction, Petitioner seeks immediate release from custody.  (Doc. No. 3 at 5).  A motion seeking injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."  *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).  A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing Inc*., 526 U.S. 344, 350 (1999).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter*, 555 U.S. at 20).  "[P]laintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

As set forth supra, the Petition does not assert a cognizable claim under § 2241.  Accordingly, the undersigned recommends the motions for temporary restraining order and preliminary injunction denied.

## II.  RECOMMENDATION AND ORDER

Accordingly, it is **ORDERED**:

The Clerk of Court is directed to assign this case to a District Judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

1.  Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction (Doc. Nos. 3, 7) be DENIED; and

2.  The Petition (Doc. No. 1) be dismissed for failure to state a cognizable habeas claim.

### NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C).  A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).


Dated:    August 26, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6